UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LAWRENCE E. THOMPSON, JR., #303444,

                Petitioner,

v.                                                  ACTION NO. 2:24cv378

NELSON SMITH, *Commissioner*,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Lawrence E. Thompson, Jr.'s ("Thompson") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting he is being unconstitutionally detained due to not receiving an annual review of his civil commitment as a sexually violent predator for the previous four years. ECF No. 1, at 6. Nelson Smith, the Commissioner of the Virginia Department for Behavioral Health and Developmental Services ("respondent"), filed a motion to dismiss the petition on November 1, 2024, and Thompson filed a motion for judgment on November 19, 2024. ECF Nos. 7, 10. For the reasons discussed below, the undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 7, be **GRANTED**, the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**, and the motion for judgment, ECF No. 10, be **DENIED**.

### I.    STATEMENT OF THE CASE

Thompson was convicted of rape in the Circuit Court for Westmoreland County ("circuit court") in 1993 and received a 50-year sentence. *Commonwealth v. Thompson*, No. 92-153 (Va.

Cir. Jan. 4, 1993); *see Commonwealth v. Thompson*, No. Cl 17-202 (Va. Cir.),[1] Cir. Ct. R. 518–19.[2] Due to the nature of his conviction, Thompson was referred towards the end of his sentence for an evaluation by Stephen Ganderson, Psy.D. Cir. Ct. R. 2–4. On June 8, 2017, Dr. Ganderson interviewed Thompson and, in his evaluation dated June 8, 2017, opined that Thompson was a sexually violent predator ("SVP"). ECF No. 8-13. Based on this evaluation, the Commonwealth of Virginia petitioned the circuit court to commit Thompson pursuant to Virginia Code § 37.2-900. ECF No. 8-4, at 5; Cir. Ct. R. 485–506. On December 1, 2017, the circuit court found probable cause to determine that Thompson was an SVP. ECF No. 8-2.

Prior to his trial, Ilona Gravers, Psy.D., evaluated Thompson to provide a second opinion. ECF No. 8-4, at 9. At Thompson's jury trial, both Dr. Ganderson and Dr. Gravers testified that he suffered from a "mental abnormality or personality disorder" that would make it difficult for him to control his predatory behavior and that he was likely to reoffend. *Id.* at 13; Cir. Ct. R. 268–69, 317. On March 7, 2018, the jury found by clear and convincing evidence that Thompson was an SVP as defined by Virginia Code § 37.2-900. ECF No. 8-3. On March 20, 2018, the circuit court denied Thompson's motion for preparation of a conditional release plan and committed him to the Department of Behavioral Health and Developmental Services ("DBHDS") for "appropriate

---

[1] The Court received the record from the Circuit Court for Westmoreland County of Thompson's civil commitment case. *Commonwealth v. Thompson*, CL17-202 (Va. Cir. Sept. 21, 2017). The records were produced on a thumb drive containing two files. The first file, hereinafter referred to as "May 28, 2024 Tr." contains the transcript of the hearing held May 28, 2024, with page numbers on the bottom right corner ranging from 1 to 138. The second file contains the remainder of the record, hereinafter referred to as "Cir. Ct. R.," with page numbers on the bottom right corner ranging from 1 to 804.

[2] Thompson was also convicted in 1993 in the Circuit Court for the County of Richmond of rape in two additional cases and received suspended sentences in both cases. *See Commonwealth v. Thompson*, 98-92C-Felony (Va. Cir. Jan. 4, 1993); *Commonwealth v. Thompson*, 99-92C-Felony (Va. Cir. Jan. 4, 1993); Cir. Ct. R. 520–25.

treatment and confinement." *Id.* at 2.

Thompson appealed the circuit court decision to the Supreme Court of Virginia on June 27, 2018. ECF No. 8-4. The Supreme Court of Virginia refused the petition for appeal on October 29, 2018. ECF No. 8-5; *Thompson v. Commonwealth*, No. 180838 (Va. Oct. 29, 2018).

Pursuant to Virginia Code § 37.2-910, Thompson had his first annual review of the civil commitment on July 19, 2019. ECF No. 8-6. The appointment of counsel to represent Thompson was deemed continuing in nature and James Illjevich, who represented Thompson during his civil commitment jury trial, represented Thompson at each of his recommitment hearings. Cir. Ct. R. 60–61, 174, 394; May 28, 2024 Tr. 1. Two mental health experts filed reports in accordance with Virginia Code § 37.2-910(B), and the circuit court heard evidence and argument at the hearing. ECF No. 8-6. The circuit court found that Thompson remained an SVP and there was no suitable less restrictive alternative to involuntary, secure, inpatient treatment. *Id.*

On July 17, 2020, Thompson had his second annual review. Cir. Ct. R. 393–484. Reports were filed by two mental health experts who evaluated Thompson. *Id.* at 717–60. The mental health experts testified at the hearing, *id.* at 402–56, as did Thompson, *id.* at 456–70. Following argument by counsel, the circuit court found Thompson remained an SVP and there was no suitable less restrictive alternative to involuntary, secure, inpatient treatment. *Id.* at 470–80; ECF No. 8-7.[3] Thompson's third annual review was scheduled for July 23, 2021.[4] Cir. Ct. R. 481–82.

---

[3] The order attached to respondent's motion to dismiss reflecting the second annual review on July 17, 2020, is not signed by the circuit court judge and does not appear in the circuit court records. ECF No. 8-7. The circuit court record contains an order appointing Dennis Carpenter, Psy.D., to evaluate Thompson and prepare a report in accordance with Virginia Code § 37.2-910 dated June 18, 2020, the transcript of the July 17, 2020 hearing, and Thompson's notice of appeal of the recommitment order to the Supreme Court of Virginia. Cir. Ct. R. 62–65, 173–392.

[4] According to the affidavit of Erin Whealton with the Office of the Attorney General, the third annual review was continued on the joint motion of the parties. ECF No. 8-8. Whealton explains that, due to her mistake, the DBHDS was not notified of the hearing scheduled for July 23, 2021,

There are no docket entries in Thompson's case from September 14, 2020 (noting the filing of the transcript from his recommitment hearing held July 17, 2020) until March 22, 2024, when Thompson's mother forwarded a letter written by Thompson to Judge Herbert Hewitt, the judge who presided over Thompson's civil commitment trial and his 2019 and 2020 recommitment hearings. ECF No. 8-6; Cir. Ct. R. 174, 393. Thompson's letter indicated that he had not been to court for four years. Cir. Ct. R. 70. The next entry on the docket is the annual review report prepared by the DBHDS expert, Daniel Montaldi, Ph.D., dated March 15, 2024, that was filed with the circuit court on March 22, 2024. Cir. Ct. R. 72–96, 761–84.

On April 8, 2024, the circuit court appointed Craig King, Psy.D., to evaluate Thompson and provide a second opinion. Cir. Ct. R. 147–48. Dr. King interviewed Thompson on April 18, 2024. *Id.* at 786. Dr. King's report dated April 23, 2024, was filed with the circuit court on May 14, 2024. *Id.* at 786–804.

On May 21, 2024, Thompson signed his federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was received by the Court on June 3, 2024. ECF No. 1. Thompson asserts that he has not received an annual review or court hearing in four years. *Id.* at 6. He seeks the following relief: "primarily to be screened as a civil detainee; not suspend habeas corpus; and grant immediate release." *Id.* at 7.

Thompson's third annual review took place on May 28, 2024. *See* May 28, 2024 Tr. Dr. Montaldi and Dr. King testified, *id.* at 9–85, both concluding that Thompson remained an SVP, *id.* at 15–16, 59. Thompson testified. *Id.* at 99–118. His counsel also called Thompson's overcoming

---

and did not file Thompson's evaluation report until July 22, 2021. *Id.* ¶ 4. Thompson's counsel needed time to review the evaluation and also requested additional time to have an expert appointed to conduct a second evaluation. *Id.* The joint motion, any order ruling on the joint motion, and the evaluation report are not part of the circuit court record provided to the Court. The Court will not consider the Whealton affidavit in ruling on this motion to dismiss.

4

obstacles to treatment ("OOT") counselor who met with Thompson weekly for the previous ten months. *Id.* at 54, 88–97. The circuit court found that Thompson remained an SVP and there was no suitable less restrictive alternative to involuntary, secure, inpatient treatment. *Id.* at 168–69. Thompson's next review hearing was scheduled for May 27, 2025. *Id.* 133–34.

Thompson noted an appeal of the circuit court decision to the Court of Appeals of Virginia on June 26, 2024. *Id.* at 170–71. On February 27, 2025, the Court of Appeals of Virginia affirmed the decision of the circuit court. *Commonwealth v. Thompson*, No. 106924 (Va. Ct. App. Feb. 27, 2025).

On November 1, 2024, respondent filed a Rule 5 answer and motion to dismiss Thompson's federal petition with a brief in support, arguing the petition should be dismissed for lack of jurisdiction because it is moot. ECF Nos. 6–8. Thompson filed a motion for judgment with an affidavit in support on November 19, 2024, seeking immediate release due to the violation of his due process rights. ECF Nos. 10–11.

## II. ANALYSIS

With respect to individuals civilly committed as SVPs, Virginia Code § 37.2-910 provides that "[t]he committing court shall conduct a hearing 12 months after the date of commitment to assess each respondent's need for secure inpatient treatment. A hearing for assessment shall be conducted at yearly intervals for five years and at biennial intervals thereafter." Va. Code Ann. § 37.2-910(A) (2015). At the time Thompson signed his federal petition on May 21, 2024, he had not received an annual review since July 2020. ECF No. 1, at 8; Cir. Ct. R. 393–484. Thompson received his next annual review on May 28, 2024. ECF No. 8-1. The transcript of the 2024 annual review hearing does not contain any explanation for the delay in holding the annual review. *See* May 28, 2024 Tr.

5

In his petition, Thompson seeks "primarily to be screened as a civil detainee; not suspend habeas corpus; and granted immediate release." ECF No. 1, at 7. In his motion for judgment filed November 19, 2024, Thompson asserts his due process rights were violated when he did not receive his annual review for four years. ECF No. 10, at 1–2. Thompson seeks "to have the lab[el] removed and to be granted immediate release." *Id.* at 2.

Prior to this Court addressing Thompson's petition, he must exhaust state court remedies. "In the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Timms v. Johns*, 627 F.3d 525, 531 n.5 (4th Cir. 2010) (citing *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion of state court remedies is required for a petitioner detained pursuant to a state court judgment seeking habeas relief whether such relief is sought pursuant to 28 U.S.C. § 2241 or § 2254. *See Saunders v. Ames*, No. 2:21cv286, 2021 WL 5436518, at *6 (S.D.W. Va. Oct. 25, 2021), *report and recommendation adopted*, 2021 WL 5435197 (S.D.W. Va. Nov. 19, 2021) (holding that state prisoners must exhaust state remedies whether claims are raised under § 2241 or § 2254); *Wood v. Olejasz*, No. 1:21cv103, 2021 WL 4450270, at *2 (N.D.W. Va. Aug. 10, 2021), *report and recommendation adopted*, 2021 WL 4448936 (N.D.W. Va. Sept. 28, 2021) ("Although § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a § 2241 petition in federal court."); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the [§ 2241] petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 488–92 (1973) (requiring petitioner challenging state court detainer pursuant to 28 U.S.C. 2241 to exhaust state court remedies).

The Court is troubled by DBHDS' failure to assess Thompson's continued need for secure inpatient treatment as required by Virginia Code § 37.2-910(a), and the lack of any explanation in the record for the delay in providing an assessment following the July 2020 assessment until May 2024. Nonetheless, prior to this Court addressing the merits of the claims raised in Thompson's federal petition, the claims need to be presented to the Supreme Court of Virginia either through a direct appeal of the May 28, 2024 decision or through a petition for a writ of habeas corpus. Thompson may refile his federal petition after exhausting his state court remedies.[5]

### III.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 8, be **GRANTED**, the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**, and Thompson's motion for judgment, ECF No. 10, be **DENIED**.

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C.

---

[5] The Court finds this challenge brought by "a person in custody pursuant to a judgment of a State court" to continued civil detainment is more properly brought pursuant to 28 U.S.C. § 2254. *See Fulgham v. None*, No. 2:12cv445, 2015 WL 13064946, at *1–2 (E.D. Va. Aug. 21, 2015) (holding petitioner's challenge to his civil commitment as an SVP is properly advanced under 28 U.S.C. § 2254). It is not necessary to convert this petition to one under 28 U.S.C. § 2254, as the recommendation for dismissal without prejudice for failure to exhaust state remedies would remain the same. *See* 28 U.S.C. § 2254(b)(1)(A). If Thompson intends to file a federal petition after exhausting his state court remedies, his petition should be brought pursuant to 28 U.S.C. § 2254.

§ 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                    /s/
                                    Robert J. Krask
                            United States Magistrate Judge

Norfolk, Virginia
June 16, 2025

9

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Lawrence E. Thompson, Jr., #303444
Virginia Center for Behavioral Rehabilitation
P.O. Box 548
Burkeville, VA 23922

J.L. Meyers
By_____
Deputy Clerk

June __16__, 2025